Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5067 | **DATE** | 3/19/2001 |
| **CASE TITLE** | White vs. Interior Crafts, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. The Court grants defendant's motion for summary judgment. The Clerk is directed to enter judgment in favor of defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAROLD R. WHITE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 00 C 5067 |
| INTERIOR CRAFTS, INC., | ) |
| Defendant. | ) |

DOCKETED
MAR 21 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In July 1999, plaintiff Harold White, an employee of Interior Crafts, Inc., injured his leg off the job. Subsequently, White was discharged from his job with Interior Crafts. White claims the defendant discriminated against him under the Americans with Disabilities Act (ADA) because of his disability, a leg injury. Defendant has moved for summary judgment on White's claim, arguing that as a matter of law, White was not disabled within the meaning of the ADA. For the reasons set forth below, the Court grants defendant's motion.

## FACTUAL BACKGROUND

White began working for Interior Crafts as a mechanical engineer on March 22, 1999. He quit his job on June 25, 1999. On July 1, 1999, Interior Crafts rehired him. On July 7, 1999, White injured his leg off the job. On July 8, White informed Interior Crafts that he was under a doctor's care and would be unable to return to work until he was allowed to do so by the doctor. At that time, White requested disability forms from Interior Crafts.

On July 16, 1999, Interior Crafts informed White that he must return to work

immediately or be terminated. On July 17, White returned to work without obtaining a release from his doctor. On August 6, 1999, he filed a Statement of Claim for accident or sickness weekly benefits with Interior Crafts' insurance company. In response to this claim, White received accident and sickness benefits for the period of July 11 through July 20.

On October 22, 1999, White filed a second Statement of Claim for his knee injury. The attached Attending Physician's Statement stated that White should not have returned to work in July 1999 because he needed surgery to correct his knee. Interior Crafts replied to White's claim by stating that the coverage had been canceled effective November 1, 1999 because he had been discharged. On January 3, 2000, White requested that Interior Crafts provide him with access to his employment file, which Interior Crafts did by letter dated January 6, 2000. On February 15, 2000, White informed Interior Crafts that he expected to be authorized by his doctor to return to work on February 21, 2000 and that he would return to work on that date. On February 18, 2000, Interior Crafts sent White a letter informing him that he had been terminated on October 8, 1999 "because of your job performance after having been given warnings."

## DISCUSSION

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must show that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that judgment as a matter of law would be inappropriate in the

2

present case. *Hedberg v. Indiana Bell Co.*, 47 F.3d 928, 931 (7th Cir. 1995). In considering a motion for summary judgment, the Court draws reasonable inferences from the record in the light most favorable to the non-moving party. *Id.*; *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). "A genuine issue of fact exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir.1999) (citation omitted).

To recover under the ADA, White must show that he is a "qualified individual with a disability" and that he was discriminated against because of that disability. 42 U.S.C. §12112(a); *Ross v. Indiana State Teacher's Association Insurance Trust*, 159 F.3d 1001, 1013 (7th Cir. 1998), *cert. denied*, 525 U.S. 1177 (1999). Courts recognize two types of discrimination claims under the ADA – disparate treatment and failure to make a reasonable accommodation. *Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032 (7th Cir. 1999). White's termination claim is based on a disparate treatment theory.

Under the ADA, a person is "disabled" if he has a physical or mental impairment that substantially limit the plaintiff in a major life activity, is regarded as having such a limitation, or has a record of having such a limitation. *See* 42 U.S.C. §12102 (2)(A), (B) & (C); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). White claims he had an actual disability because his leg injury substantially limited his ability to work. *See* 29 C.F.R. §1630.2(i) (major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working). To qualify, however, White's leg injury must have *substantially* limited these major life activities such that he was "unable to perform, or significantly restricted as to the condition, manner or duration under which the individual can

3

perform, a major life activity as compared to an average person in the general population." *See Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 505 (7th Cir. 1998). In determining whether an individual is substantially limited in a major life activity, courts consider not only the "nature and severity" of the impairment, but also the impairment's "duration or expected duration" and the "permanent or long term impact." *See* 29 C.F.R. §1630.2(j)(2)(i), (ii) & (iii).

White suffered from an injured leg that was treatable; his condition had substantially healed as of February 21, 2000. Whatever the severity of White's impairment, it was not the type of long term impairment that would constitute a disability under the ADA. White's leg condition improved after surgery, and he was authorized to return to work without needing any accommodation. "Intermittent, episodic impairments are not disabilities." *Vande Zande v. State of Wisconsin Department of Administration*, 44 F.3d 538, 543 (7th Cir. 1995). *See Hamm v. Runyon*, 51 F.3d 721, 725 (7th Cir. 1995)(transitory and temporary physical impairments are not covered by the ADA); *Evans v. City of Dallas*, 861 F.2d 846, 852-53 (7th Cir. 1988)(plaintiff with a knee injury which required surgery was not a qualified individual with a disability within the meaning of the Rehabilitation Act given the transitory nature of the injury).

For these reasons, the Court concludes that White has failed to show that there is a triable issue as to whether he was actually disabled.

Our analysis of whether White was actually disabled within the meaning of the ADA does not end here, however, in light of his argument that he was "regarded as" disabled by Interior Crafts. Under the ADA, an employee is regarded as having a disability if his impairment does not substantially limit a major life activity, but the employer still treats the employee as if he had such a disability. *See* 29 C.F.R. §1630.2(g)(3); *Sutton*, 527 U.S. at 489. When it

4

terminated White at some point prior to November 1, 1999, Interior Crafts knew he was not attending work due to his leg injury. This by itself is not sufficient to give rise to a genuine issue as to whether the company regarded White as disabled within the meaning of the ADA. *See, e.g., Harrington v. Rice Lake Weighing Systems, Inc.*, 122 F.3d 456, 460-61 (7th Cir. 1997). To establish a "regarded as" claim, it is not enough for a plaintiff to show that the employer knew he had an impairment; he must show that the employer believed he had an impairment that substantially limited one or more of his life activities. *See, e.g., Amadio v. Ford Motor Co.*, 238 F.3d 919, 925 (7th Cir. 2001). "[T]he plaintiff must be regarded as having a substantial impairment, not just any impairment." *Sanchez v. Henderson*, 188 F.3d 740, 745 (7th Cir. 1999). Here there is nothing in the record that suggests that when it terminated White, Interior Crafts believed, or had any reason to believe, that he had the type of long-term impairment necessary to qualify as a disability under the ADA.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion for summary judgment [Item 5-1]. The Clerk is directed to enter judgment in favor of defendant.

MATTHEW F. KENNELLY
United States District Judge

Date: March 19, 2001